IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Sharon Williams <br>                  **Debtor** <br><br> The Bank of New York Mellon Trust Company, N.A.FKA The Bank of New York TrustCompany,N.A. as successor to JPMorgan Chase Bank,N.A. as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates Series 2005-SP3 <br>                  **Movant** <br> vs. <br> Sharon Williams <br>                  **Debtor** <br> Anthony Williams <br>                  **Co-Debtor** <br> Kenneth E. West, Esquire <br>                  **Trustee** | CHAPTER 13 <br><br> NO. 19-17528 ELF <br><br> 11 U.S.C. Sections 362 and 1301 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

    1.    The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence located at 1706 Scattergood Street, Philadelphia, PA, 19124, is **$9,096.38,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | December 2020 to November 2021 at $536.09/month <br> December 2021 to February 2022 at $529.38/month |
| Fees & Costs Relating to Motion: | $1,238.00 |
| Suspense Balance: | $162.84 |
| **Total Post-Petition Arrears** | **$9,096.38** |

    2.    The Debtor(s) shall cure said arrearages through a loan modification within the following schedule:

    a)    Debtor shall submit a substantially complete loss mitigation application by February 28, 2022

    b)    Debtor shall obtain a trial modification by March 31, 2022

    c)    Debtor shall obtain a permanent modification by August 31, 2022

3. Additionally, beginning on March 1, 2022, Debtor shall also make regular post-petition payments on the first (1st) of each month to BANK OF AMERICA, N.A., P.O. BOX 660933, DALLAS, TX 75266 in accordance with the terms of the note and mortgage while the loan modification application is pending.

4. If a timely trial modification is obtained, Debtor shall then continue to make regular trial modification payment followed by regular permanent modification payments thereafter, both as directed within the modification documents.

5. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

6. In the event any of the events listed within Section 2 are not completed within the listed deadline, Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may amend her Chapter 13 Plan to provide for payment of Movant's arrears within Section 4(a), "Curing Default and Maintaining Payments", within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to do so, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

7. In the event any of the payment listed under either Section 3 or 4 are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

8. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

9. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

10. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

11. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

12. The parties agree that a facsimile signature shall be considered an original signature.

Date: February 8, 2022

By: /s/ Rebecca A. Solarz, Esquire
Attorney for Movant
KML Law Group, P.C.

Date: 2/22/22

*[signature]*
Maggie S. Soboleski
Attorney for Debtors

Date: February 25, 2022

/s/ LeRoy W. Etheridge, Esquire, for*
Kenneth E. West, Esquire
Chapter 13 Trustee

*No objection to its terms, without prejudice to any of our rights and remedies

**O R D E R**

Approved by the Court this 28th day of February, 2022. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Eric L. Frank